UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WALTER REED,

    Plaintiff,

v.                                            Case No. 8:17-cv-199-T-27TBM

CRST VAN EXPEDITED, INC.,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** are Defendant's Motion to Dismiss Counts I Through IV of Plaintiff's Third Amended Complaint (Dkt. 37) and Plaintiff's amended response in opposition (Dkt. 42). Upon consideration, Defendant's motion is **GRANTED**.

### I. BACKGROUND

Plaintiff's Third Amended Complaint asserts five causes of action for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681. (Dkt. 31). Plaintiff alleges that he interviewed for a trucking position with Trucking Careers of America, LLC on June 27, 2016, and that the interviewer did not inform him that Defendant would be procuring a consumer report on him for employment purposes. (*Id.* at ¶¶ 38-39). He further alleges that on June 28, 2016 Defendant procured a consumer report without notifying him or obtaining his consent. (*Id.* at ¶ 39). And Defendant did not provide him with a written FCRA disclosure until after it conditionally hired him. (*Id.* at ¶¶ 40-41). Plaintiff also alleges that the disclosure Defendant provided to him fails to comply with the FCRA because it was not contained in a single document and included extraneous information. (*Id.* at ¶ 42).

Count I of the Third Amended Complaint alleges that Defendant failed to notify Plaintiff that it would procure a consumer report for employment purposes. (*Id.* at ¶¶ 64-72) (citing 15 U.S.C. § 1681b(b)(2)(B)(i)). Count II asserts that Defendant procured a consumer report without obtaining his authorization. (*Id.* at ¶¶ 74-84) (citing 15 U.S.C. § 1681b(b)(2)(B)(ii)). Counts III and IV allege that Defendant's disclosure form violated the FCRA's "standalone" requirement by impermissibly including extraneous information and that, as a result of the extraneous information, Defendant did not obtain proper authorization from Plaintiff to procure the consumer report. (*Id.* at ¶¶ 86-105) (citing 15 U.S.C. § 1681b(b)(2)(A)(i)-(ii)).[1]

## II. STANDARD

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a short and plain statement of a claim sufficient to demonstrate entitlement to relief and to give fair notice of the grounds on which the claim rests. FED. R. CIV. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). All of the factual allegations in a complaint must be accepted as true for the purposes of a motion to dismiss, but this tenet is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). All reasonable inferences must be drawn in the plaintiff's favor. *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002). A court's review on a motion to dismiss is limited to the four corners of the complaint. *Id.* However, "the court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed." *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). A court need not accept as true factual allegations that are contradicted by documents central

---

[1] Count V, which alleges that Defendant violated the FCRA by failing to provide notice before taking adverse employment action against Plaintiff, (Dkt. 31 at ¶¶ 107-115), is not material to the motion to dismiss as it addresses only Counts I through IV. (Motion to Dismiss, Dkt. 37).

2

to the claims. *See Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007) (citing FED. R. CIV. P. 10(c)).

## III. DISCUSSION

Defendant moves to dismiss Counts I through IV of the Third Amended Complaint, contending that it properly disclosed that it would procure a consumer report for employment purposes, it clearly and conspicuously made the disclosure in a document consisting solely of the disclosure, and he authorized it to procure the consumer report. (Motion to Dismiss, Dkt. 37). In support, Defendant attaches a copy of Plaintiff's employment application documents, including the disclosure document. (Dkt. 37-1). Plaintiff concedes that the employment application documents are central to his claims and that he is not challenging the authenticity of the documents. *See* (Amended Response, Dkt. 42 at p. 3); *see also Day*, 400 F.3d at 1276. Plaintiff also concedes that his signatures on the employment application documents are dated June 27, 2016. (Response, Dkt. 42 at p. 3).

### *A. Counts I and II*

Notwithstanding his acknowledgment of the content, the date, and his signing of the employment application documents, Plaintiff argues that a review of the complaint and the employment application together with all factual allegations accepted as true and all reasonable inferences drawn in his favor, that another business entity, not Defendant, provided him with the disclosure and obtained his authorization to procure a consumer report. (Amended Response, Dkt. 42 at pp. 5-6). According to Plaintiff, that was Trucking Careers. (*Id.*). And Plaintiff argues that Defendant cannot rely on Trucking Careers' disclosure and authorization as grounds for dismissal of his FCRA claims against it. (*Id.*).

3

Plaintiff relies on "publicly available information" outside the four corners of the complaint in support of his argument that Defendant is not the entity that provided him with an FCRA disclosure. (*Id.* at p. 6). Specifically, Plaintiff states that he relied on infosniper.com and Google searches of an IP address listed in the employment application documents to determine that the IP address "emanated from a computer" at Trucking Careers' business location. (*Id.*). According to Plaintiff, it follows that Defendant was not actually the entity that provided him with the FCRA disclosure and obtained his authorization to procure the consumer report. *See* (*id.*). Plaintiff requests that the Court take judicial notice of his infosniper.com and Google searches. (*Id.* at p. 4) (citing *Davis v. Williams Commc'ns, Inc.*, 258 F. Supp. 2d 1348, 1352 (N.D. Ga. 2003); *Southern Grouts & Mortars, Inc. v. 3M Co.*, No. 07-61388-CIV, 2008 WL 4346798 (S.D. Fla. Sept. 17, 2008), *aff'd*, 575 F.3d 1235 (11th Cir. 2009) (per curiam) (noting that the district court used the "research method relied on by Southern Grouts" to take judicial notice of domain name registrations when considering a motion for summary judgment)). In considering a Rule 12(b)(6) motion to dismiss, a district court may take judicial notice of matters of public record. *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1279-80 (11th Cir. 1999).

The Third Amended Complaint and amended response to Defendant's motion to dismiss are insufficient to support Plaintiff's arguments in several respects. The employment application documents, including the disclosure page, identify Defendant as the prospective employer who would be procuring the consumer report. (Employment application documents, Dkt. 37-1). Those documents do not mention Trucking Careers. *See* (*id.*). His amended response and the employment application documents are also redacted and omit key information he relies on to support his

arguments addressed to his search of the IP address, including the IP address itself.[2] Further, he failed to provide copies of the infosniper.com and Google search results that his response referenced as "Exhibit B."

Without a record of the IP address Plaintiff used in his searches, his research methods cannot be replicated. *See Southern Grouts & Mortars*, 2008 WL 4346798, at *16. Even if those methods could be replicated, however, judicial notice of his internet searches is not appropriate for purposes of a Rule 12(b)(6) motion to dismiss, because the searches are not "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Compare Davis*, 258 F. Supp. 2d at 1352-53 (district judge took judicial notice of Certificates of Authority issued by the Georgia Public Service Commission when considering a Rule 12(b)(6) motion to dismiss), *with Southern Grouts & Mortars*, 2008 WL 4346798, at *16 (district judge took judicial notice of whois.net and Google searches when considering a motion for summary judgment).

Accordingly, the Third Amended Complaint and the employment application documents show that Defendant, on June 27, 2016, disclosed that it would obtain a consumer report on Plaintiff for employment purposes and that he, on that date, provided written authorization to Defendant. Defendant procured the consumer report on June 28, 2016. To the extent the documents contradict Plaintiff's allegations, the documents control. *See Griffin Indus.*, 496 F.3d at 1206. And those documents refute Plaintiff's claims that Defendant failed to disclose its intent to procure a consumer

---

[2] The parties stipulated to a confidentiality order. (Amended Joint Stipulation and Motion for Entry of Confidentiality Order, Dkt. 51); (Order, Dkt. 54). The confidentiality order was issued to encourage efficient discovery, *see In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 357 (11th Cir. 1987) (per curiam), and has no bearing on a motion filed by a party seeking action by the court, *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 252 (4th Cir. 1988).

report on him for employment purposes and failed to obtain his authorization in writing. Counts I and II, therefore, are due to be dismissed.

### *B.     Counts III and IV*

As noted, the employment application documents signed by Plaintiff show that Defendant provided a written disclosure of its intent to procure a consumer report for employment purposes and obtained his written authorization to do so. The question left to be resolved for purposes of Counts III and IV is whether factual and legal support exists for Plaintiff's allegations that Defendant failed to comply with the FCRA's "standalone" requirement that the disclosure be clear and conspicuous and in a document consisting solely of the disclosure. *See* 15 U.S.C. § 1681b(b)(2)(A)(i).

Plaintiff separately signed a single document titled "Disclosure Regarding Background Investigation." (Dkt. 37-1 at p. 17). That document includes information about the content of the consumer report, his right to request a copy of and dispute the report, and the companies potentially generating the report. (*Id.*). It also provides that Defendant would provide additional notices. (*Id.*). The disclosure does not include blanket authorizations to release information, waivers of rights, or extraneous information about state laws, as Plaintiff alleges. *See* (Third Amended Complaint, Dkt. 31 at ¶ 42). Rather, the state law notices and authorizations are included in separate pages. (Dkt. 37-1 at pp. 18-19). Defendant cites several district court orders and Federal Trade Commission opinion letters that are persuasive support for its position that its disclosure document complied with the FCRA's standalone requirement.[3]

---

[3] *See* Motion to Dismiss, Dkt. 37 at pp. 9-11. (citing *Just v. Target Corp.*, 187 F. Supp. 3d 1064, 1067-70 (D. Minn. 2016); *Coleman v. Kohl's Dep't Stores, Inc.*, No. 15-CV-2588-JCS, 2015 WL 5782352, at *2 (N.D. Cal. Oct. 5, 2015); *Schoebel v. American Integrity Ins. Co. of Fla.*, No. 8:15-cv-380-T-24AEP, 2015 WL 3407895, at *8-9 (M.D. Fla. May 27, 2015); *Burghy v. Dayton Racquet Club, Inc.*, 695 F. Supp. 2d 689, 699 (S.D. Ohio 2010); FTC Staff Opinion Letter to Willner, 1999 WL 33932153, at *2 (F.T.C. Mar. 25, 1999); FTC Staff Opinion Letter to Coffey, 1998 WL 34323748, at *2 (F.T.C. Feb. 11, 1998)).

In response, Plaintiff fails to make any argument or cite any caselaw supporting his position that Defendant's disclosure document does not qualify as a clear and conspicuous disclosure in a document consisting solely of the disclosure, because it provides some additional information relating to the consumer report. *See generally* (Amended Response, Dkt. 42). Rather, his argument against dismissal of Counts III and IV relies solely on his contention that the IP address in the employment application documents indicates that those documents emanated from a computer at Trucking Careers. *See* (*id.* at p. 2). That argument was not persuasive as to Counts I and II, and likewise does not show how Defendant's disclosure fails to comply with the FCRA standalone requirement. Accordingly, Counts III and IV are also due to be dismissed.

## IV. CONCLUSION

Defendant's Motion to Dismiss Counts I through IV of the Third Amended Complaint (Dkt. 37) is **GRANTED**. Counts I through IV of the Third Amended Complaint are **DISMISSED** *without prejudice*. Plaintiff is granted leave to filed a Fourth Amended Complaint within fourteen (14) days of the date of this Order. Alternatively, Plaintiff shall file a notice of election not to amend within fourteen (14) days.[4] Defendant shall file a response or answer within fourteen (14) days of Plaintiff's Fourth Amended Complaint or notice of election not to amend.

**DONE AND ORDERED** this 20th day of November, 2017.

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Counsel of record

---

[4] Should Plaintiff elect not to amend, only his FCRA claim against Defendant in Count V will remain.