# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

WALTER REED, on behalf of himself
and on behalf of all others similarly
situated,

    Plaintiff,

v.                                Case No. 8:17-cv-199-T-27TBM

CRST VAN EXPEDITED, INC.,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** is Plaintiff's Unopposed Motion for Leave to File Under Seal (Dkt. 77). Upon consideration, the Motion is DENIED without prejudice.

Trial courts have the inherent authority and discretion to seal records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Decisions on motions to seal must balance the public's common law right of access against the interests favoring confidentiality. *Id.* at 599. The common law right of access is implicated by any pretrial motion that requires judicial resolution of the merits, including motions for class certification, summary judgment motions, motions *in limine*, and *Daubert* motions, and can be overcome only by a showing of "good cause." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1310-12 (11th Cir. 2001).[1] And, as the case is here, "in class actions—where by definition 'some members of the public are also parties to the [case]'—the standards for denying public access to the record 'should be applied . . . with particular

---

[1] *See Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007) ("Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access."); *Rushford v. New Yorker Magazine*, 846 F.2d 249, 252 (4th Cir. 1988) (summary judgment motions); *In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119-20 (9th Cir. 2012) (*Daubert* materials).

strictness.'" *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (alteration in original) (quoting *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001)).

The decision to seal is the trial court's prerogative, not the parties'. *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002). The parties' mutual agreement to keep documents confidential or to seal materials is "immaterial" to a court's decision regarding the public's right of access. *Brown v. Advantage Eng'g*, 960 F.2d 1013, 1016 (11th Cir. 1992). And, the right to file a document under seal does not automatically follow a confidentiality designation during discovery. *See Baxter*, 297 F.3d at 545 (denying renewed, joint motion to place documents under seal, and stressing that parties must offer legal justification for placing documents under seal, not merely label documents as confidential); *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978) (common law right of access cannot be overcome by "stereotyped and conclusory statements").[2]

The "good cause" standard requires the trial court to "balance the respective interests of the parties." *Chicago Tribune*, 263 F.3d at 1313. Whether good cause exists depends on the nature and character of the information in question. *Romero*, 480 F.3d at 1246. In balancing the public's right of access to court documents against a party's interest in keeping the information confidential, courts consider

> whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero*, 480 F.3d at 1246.

---

[2] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

2

The Local Rules for the Middle District of Florida also prescribe the contents of a motion to seal. The movant must include (i) an identification and description of each item proposed for sealing; (ii) the reason that filing each item is necessary; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (v) a statement of the proposed duration of the seal; and (vi) a memorandum of legal authority supporting the seal. M.D. Fla. L.R. 1.09(a).

Plaintiff fails to explain the reason why filing each item is necessary. Plaintiff fails to show "good cause" for sealing four depositions with exhibits and "Defendant's Production Bate stamped 62 and 94-111," other than stating that Defendant labeled the depositions and production as "confidential," which is not a legal basis for sealing.[3] And, Plaintiff does not explain the reason why a means other than sealing, such as redaction, is unavailable.

Accordingly, Plaintiff's Unopposed Motion for Leave to File Under Seal (Dkt. 77) is **DENIED without prejudice**. If Plaintiff seeks to file items under seal due to Defendant's "confidential" designation, Defendant, as the true proponent of the seal, "must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations'" in any future motion. *Shane*, 825 F.3d at 305–06 (quoting *Baxter*, 297 F.3d at 548).

**DONE AND ORDERED** this 6th day of February, 2018.

JAMES D. WHITTEMORE
**United States District Judge**

Copies to: Counsel of record

---

[3] The parties were previously advised that "'[t]he right to file a document under seal does not automatically follow a confidentiality designation" and that a party "must therefore make the required showing under Local Rule 1.09(a), notwithstanding that the information was designated confidential during discovery." (Dkt. 54)

3