**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**WALTER REED, on behalf of himself and on behalf of all others similarly situated,**

**Plaintiff,**

vs. **Case No. 8:17-cv-00199-T-27CPT**

**CRST VAN EXPEDITED, INC., a foreign for profit company,**

**Defendant.**
_______________________________________/

**ORDER**

**BEFORE THE COURT** is Plaintiff's Motion to Strike Exhibit I (Rule 26(a)(2) Disclosures) of Expert Witness Barry J. Nadell in Defendant's Motion for Summary Judgment (Dkt. 129). Defendant opposes the motion (Dkt. 134). Upon consideration, Plaintiff's motion (Dkt. 129) is **DENIED**.

Plaintiff moves to strike the expert witness report from Defendant's Amended Motion for Summary Judgment (Dkt. 125) on the grounds Defendant's expert, Barry J. Nadell, did not submit an affidavit or subscribe to his findings under penalty of perjury according to 28 U.S.C. § 1746. (*See* Dkt. 129 ¶¶ 1-2).[1] He contends Nadell's report violates Fed. R. Civ. P. 56, has no probative value, and cannot factor into consideration of Defendant's motion. *Id.*

Under Rule 56(c)(4), a declaration may be used to support a motion for summary judgment provided it is "made on personal knowledge, set[s] out facts that would be admissible as evidence,

[1]Nadell's report is at Dkt. 125-9, Ex. A.

and show[s] that the . . . declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). A nonmovant may object to the admissibility of the report under Rule 56(c)(2), which operates "much as an objection at trial, adjusted for the pretrial setting." *See* Fed. R. Civ. P. 56(c) advisory committee's note to 2010 amendment. Notwithstanding, the burden remains "on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated." *Id.*

A district court may "consider hearsay in deciding a summary judgment motion 'if the statement could be reduced to admissible evidence at trial.'" *See Fed. Trade Comm'n v. Lanier Law, LLC*, 715 F. App'x 970, 978 (11th Cir. 2017) (citing *Jones v. UPS Ground Freight*, 683 F. 3d 1283, 1293-94 (11th Cir. 2012)). The salient question "is not whether the declarations *themselves* would ever be admissible–they may not be. Instead, the question is whether the evidence contained *within* those declarations could be presented in an admissible form at trial." *See Lanier* 715 F. App'x at 978-79 (emphasis in original).

Nadell's signed report is made on "personal knowledge and expertise with a reasonable degree of certainty." (Dkt. 125-9, Ex. A, p. 1). In it, Nadell states, "If called as a witness in this action, I could and would competently testify to the following statements, opinions, and analysis." *Id.* Plaintiff's only objection to the report is that it lacks probative value because it is unsworn. (Dkt. 129 ¶ 2).[2] However, Defendant asserts the ability to cure this purported deficiency if granted leave to amend. (Dkt. 136, n. 1); *see also* Fed. R. Civ. P 56(e)(1). I find Defendant has sufficiently explained how the Nadell report "could be reduced to admissible evidence at trial." *See Lanier*, 715

---

[2] Fed. R. Civ. P. 56 was amended in 2010, and Plaintiff relies upon pre-amendment circuit case law citing obsolete sections of the former rule. (*See* Dkt. 129 ¶ 1) (citing *Carr v. Tatangleo*, 338 F.3d 1259 (11th Cir. 2003)). Even so, the proposition "that inadmissable hearsay may sometimes be considered by a court when ruling on a summary judgment motion" is not a post-amendment development. *Pritchard v. S. Co. Servs.*, 92 F.3d 1130, 1135 (11th Cir. 1996), *amended on reh'g in part*, 102 F.3d 1118 (11th Cir. 1996) (citing *Church of Scientology Flag Service Org., Inc. v. City of Clearwater*, 2 F.3d 1514, 1530 (11th Cir.1993), *cert. denied*, 513 U.S. 807 (1994)).

App'x at 978-79. Plaintiff places form over substance and fails to demonstrate how its contents would be inadmissible at trial. *Id.* Plaintiff's objection is therefore overruled.

**DONE AND ORDERED** this 9th day of August, 2018.

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Counsel of Record